FILED03 JUN'11 15:16USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Pamela K. Staton,

     Plaintiff,

     v.

BAC Home Loans Servicing,
L.P.; Mortgage Electronic
Systems, Inc.; ReconTrust,
N.A.; and "also all other
persons or parties unknown
claiming any right, title,
lien, or interest in the
property described in the
complaint herein," including
without limitation all
assignees and/or successor
trustees;

     Defendants.

Civ. No. **i0-0i306** -AA
OPINION AND ORDER

Pamela K. Staton
95330 Highway 101 South
Yachats, Oregon 97498
    Pro se plaintiff

Russell L. Baldwin
P.O. Box 1242
Lincoln City, Oregon 97367

Page 1 - OPINION AND ORDER

        Preparation attorney for
        plaintiff

Stephen P. McCarthy
Pilar C. French
Lane Powell PC
601 S.W. 2nd Ave., Suite 2100
Portland, Oregon 97402
        Attorneys for defendants

AIKEN, Chief Judge:

        Defendants BAC Home Loans Servicing, L.P. (sued erroneously

as Bank of America (BAC) Home Loans Servicing, L.P.), Mortgage

Electronic Registration Systems, Inc., and ReconTrust, N.A. move

to dismiss all of plaintiff Pamela Staton's claims pursuant to

Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8(a). Defendants'

motion is granted in part and denied in part.

        In addition, plaintiff moves for partial summary judgment

pursuant to Fed. R. Civ. P. 56, seeking an injunction.

Plaintiff's motion is denied.

## BACKGROUND

        In 2005, plaintiff took out a loan from Countrywide Home

Loans, Inc. ("Countrywide") in the amount of $735,500.  Pursuant

to this transaction, plaintiff executed a promissory note in

favor of Countrywide.  The note was secured by a Deed of Trust,

which lists Countrywide as the lender, Mortgage Electronic

Registration Systems, Inc. ("MERS") as the beneficiary, "acting

solely as a nominee for Lender and Lender's successors and

assigns," and Fidelity National Title Insurance as the trustee.

The Deed of Trust was filed in Lane County, Oregon on November

29, 2005.

Page 2 - OPINION AND ORDER

In September 2009, plaintiff stopped making payments required under the loan agreement. On October 19, 2009, Countrywide's loan servicer, BAC Home Loans Servicing, L.P. ("BAC"), sent a Notice of Intent to Accelerate to plaintiff. The Notice of Intent to Accelerate advised plaintiff that she was required to make a payment of $8,915.61, plus other regular payments, by November 18, 2009, otherwise the default would not be considered cured and the mortgage payments would be accelerated with the full amount becoming due and payable. Plaintiff made a partial payment, but failed to fully cure the default.

On November 10, 2009, BAC sent plaintiff another Notice of Intent to Accelerate, relating to a home equity line of credit loan secured by the property. The second Notice of Intent to Accelerate advised plaintiff that she was required to make a payment of $719.61, plus other regular payments, by December 15, 2009, otherwise the default would not be considered cured and the mortgage payments would be accelerated with the full amount becoming due and payable. Plaintiff failed to cure the default.

Sometime prior to initiating foreclosure proceedings in 2010, Countrywide securitized, bundled and sold, or "tranched," plaintiff's promissory note. As a result of the "tranching," one or more parties, including CWALT, Inc. ("CWALT"), gained a beneficial interest in the note.

On January 6, 2010, MERS, as nominee for Countrywide, assigned the Deed of Trust to The Bank of New York Mellon, fka

Page 3 - OPINION AND ORDER

The Bank of New York ("BNY"), as trustee for certificate holder CWALT. On January 11, 2010, the Assignment of the Deed of Trust was recorded in the official records of Lane County.

On January 6, BNY by BAC appointed ReconTrust to serve as successor trustee for the Deed of Trust. This appointment was executed on January 6, 2010, and recorded in the official records of Lane County on January 11, 2010.

On January 6, 2010, ReconTrust executed a Notice of Default and Election to sell plaintiff's property. On January 11, 2010, the Notice of Default and Election to Sell was recorded in the official records of Lane County. On June 1, 2010, ReconTrust recorded the following documents in the official records of Lane County: Affidavit of Mailing of Notice of Sale, Affidavit of Publication of Notice of Sale, Affidavit of Service, and a copy of the Notice of Sale.

On September 17, 2010, plaintiff filed a claim against defendants in Lane County Circuit Court. On September 25, 2010, plaintiff filed an amended complaint, alleging the following: 1) declaratory judgment, pursuant to Or. Rev. Stat. § 28.010, that the actions of defendants are void pursuant to Oregon's Trust Deed Act and enjoining defendants from foreclosing plaintiff's property; 2) fraud; 3) breach of the covenant of good faith and fair dealing; 4) breach of fiduciary duty; 5) declaratory judgment, pursuant to Or. Rev. Stat. §§ 28.010, 28.020, defining the rights and duties between plaintiff, defendants, and mortgage pass-through certificate holders; 6) quiet title; 7) remove cloud

Page 4 - OPINION AND ORDER

on title; and 8) statutory claim for invalid encumbrance.
Plaintiff also seeks economic damages of \$1,135,000, non-economic
damages of \$150,000, and "actual" damages in the amount of
\$1,060,000. On October 20, 2010, defendants removed this action
to this Court.

On November 1, 2010, ReconTrust executed a new Notice of
Default and Election to Sell the Property. On November 4, 2010,
the Notice of Default and Election to Sell was recorded in the
official records of Lane County. The Notice stated that the
foreclosure sale was set to occur on March 16, 2011, at the Lane
County Courthouse. A foreclosure sale has not yet occurred.

## STANDARDS

Where the plaintiff "fails to state a claim upon which relief
can be granted," the court must dismiss the action. Fed. R. Civ.
P. 12(b)(6). To survive a motion to dismiss, the complaint must
allege "enough facts to state a claim to relief that is plausible
on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570
(2007)). For the purpose of the motion to dismiss, the complaint
is liberally construed in favor of the plaintiff, and its
allegations are taken as true. Rosen v. Walters, 719 F.2d 1422,
1424 (9th Cir. 1983). However, bare assertions that amount to
nothing more than a "formulaic recitation of the elements" of a
claim "are conclusory and not entitled to be assumed true."
Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009).

Summary judgment is appropriate "if the pleadings,
depositions, answers to interrogatories, and admissions on file,

Page 5 - OPINION AND ORDER

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitles to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## DISCUSSION

Defendants contend that all of plaintiff's claims fail to state a claim as a matter of law, and therefore should be dismissed. Defendants also assert that plaintiff's declaratory relief claims should be dismissed because defendants had the authority to commence and prosecute a nonjudicial foreclosure action.

## I. Preliminary Matters

To support their motion to dismiss, defendants request that this Court take judicial notice of MERS' Terms and Conditions. The agreement outlines the relationship between MERS and its members, such as Countrywide or BNY, and permits MERS to initiate a foreclosure sale on behalf of a lender.

Plaintiff argues that this Court should not take judicial notice "for the purpose of determining whether defendants' actions were permissible under Oregon law because plaintiff disputes the authenticity of the documents." Plf.'s Resp. to Defs.' Mot. for

Page 6 - OPINION AND ORDER

S.J. at pg. 8. The Court assumes that, by referring to "documents," plaintiff is objecting to more than just the Terms and Conditions. The Court surmises from plaintiff's response that plaintiff does not want this Court to take judicial notice of the Assignments of the Deed of Trust and Appointment of Successor Trustee, because plaintiff believes they were fraudulently executed.

Additionally, plaintiff requests that this Court take judicial notice of ReconTrust's "debt collection activity." In her response, plaintiff reprints a portion of a Notice of Sale issued by ReconTrust, which states that "[t]his is an attempt to collect a debt." Id. at 15. Plaintiff seeks judicial notice of this document to support her claim that ReconTrust must be licensed with Oregon as a debt collector.

Review of a Rule 12(b)(6) motion is generally limited to the complaint. U.S. v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). However, a court may consider extrinsic documents if they are integral to the plaintiff's claims and their authenticity is undisputed. Parrino v. FHP, Inc., 146 F.3d 699, 706 & n. 4 (9th Cir. 1998). Under the Federal Rules of Evidence, a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; see also Ritchie, 342 F.3d at 909. Facts subject to judicial notice may be

Page 7 - OPINION AND ORDER

considered on a motion to dismiss. Mullis v. U.S. Bankruptcy Ct.,
828 F.2d 1385, 1388 (9th Cir. 1987).

Despite plaintiff's statement that she "disputes the
authenticity" of MERS' Terms and Conditions, plaintiff has alleged
no facts suggesting that this agreement is counterfeit or false in
any way. I find, however, that the Terms and Conditions are not
integral to plaintiff's claims, and therefore, defendants' request
for judicial notice is denied.

Further, regarding documents recorded with Lane County, the
Court must take judicial notice if plaintiff intends on using these
documents to establish that defendants fraudulently foreclosed on
her property. Therefore, these documents are integral to
plaintiff's claims and should have been attached to her complaint.
Plaintiff seems to implicitly recognize this fact, as she
references these documents in great detail in her complaint,
arguably incorporating them by reference. Since plaintiff now
attaches these documents to her response, the Court presumes that
plaintiff would like the Court to consider them, if only for the
sake of establishing defendants' fault. These documents are also
part of the public record. Defendants make no objection to these
documents. Thus, even though plaintiff disputes their validity,
the Court takes judicial notice of documents recorded with Lane
County, including the Assignments of the Deed of Trust and
Appointment of Successor Trustee.

Finally, the Court declines to take judicial notice of
plaintiff's document relating to ReconTrust's "debt collection

Page 8 - OPINION AND ORDER

activity." The language that plaintiff incorporated into her response was an excerpt from a Notice of Sale for a property other than plaintiff's. Here, plaintiff has provided no evidence that ReconTrust sent her a similar notice. Thus, the fact that ReconTrust sent a notice to another person in which it identified itself as a debt collector is not integral to plaintiff's claim. Further, the Court has no way to confirm the authenticity of this Notice, since the parties bound by it are not now before this Court. As such, plaintiff's request for judicial notice is denied.

## II. Plaintiff's First Claim for Declaratory Judgment

Plaintiff's first claim for relief is unclear. It consists of a convoluted list of allegations and facts, supported by "information and belief." Plaintiff seems to allege that any action of BAC, MERS and ReconTrust are void because they were not licensed under Oregon law. Further, plaintiff is seeking a declaration that defendants Recontrust and MERs are not qualified to act as trustees pursuant to Oregon's Trust Deed Act, such that defendants' foreclosure proceedings are invalid. Plaintiff, however, misconstrues the law and facts surrounding this case.

### A. Oregon's Licensing Requirements

BAC, MERS, or ReconTrust are not required to be licensed by the Oregon Secretary of State with respect to foreclosing the Deed of Trust. Moreover, ReconTrust is not required to be registered with the Oregon Department of Business and Consumer Services as a debt collector. As defendant correctly points out, Oregon law excludes corporations that engage in certain corporate business

Page 9 - OPINION AND ORDER

activities from state licensing requirements, and provides that the corporate acts of unlicensed foreign corporations are not invalid. See Or. Rev. Stat. §§ 60.701, 60.704.

Generally, a "foreign corporation may not transact business" in Oregon "until it has been authorized to do so by the Secretary of State." Or. Rev. Stat. § 60.701(1). However, defendants argue that certain activities, even if conducted in Oregon, do not subject a foreign corporation to licensing requirements. Specifically, defendants cite to § 60.701(2), which states: "[t]he following activities among others, do not constitute transacting business . . . (g) Creating or acquiring indebtedness, mortgages and security interests in real or personal property; (h) Securities or collecting debts or enforcing mortgages and security interests in property securing the debts." Or. Rev. Stat. § 60.701(2).

Here, defendants' actions fall expressly within this exception, as they initiated foreclosure proceedings by enforcing plaintiff's mortgage. Accordingly, I find that defendants were not required to receive a license from the Secretary of State in order to foreclose on plaintiff's property.

Finally, contrary to plaintiff's contentions, ReconTrust need not be qualified to act as a debt collector under Oregon law. Plaintiff cites to no authority that imposes such a requirement on an entity such as ReconTrust. Thus, plaintiff's assertion that ReconTrust must be licensed as a debt collector is conclusory, and as such, this Court must not presume the statement to be true. Iqbal, 129 S.Ct. at 1951. In fact, upon the allegations contained

Page 10 - OPINION AND ORDER

in the complaint, ReconTrust's conduct is merely that of a trustee seeking foreclosure and sale pursuant to a Deed of Trust, which is not a debt collecting activity. Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188, 1203-4 (D.Or. 2002). As such, defendants' motion to dismiss is granted in part in regard to these aspects of plaintiff's first claim.

B. Oregon's Trust Deed Act

ReconTrust, the only defendant who actually did act as a trustee in this case, does meet the definition of "trustee" under Oregon's Trust Deed Act. The Act defines trustee as "a person, other than the beneficiary . . . [who] is qualified to be a trustee under ORS 86.790." Or. Rev. Stat. § 86.705(6). Under § 86.790, a "financial institution or trust company, as defined by ORS 706.008, that is authorized to do business under the laws of Oregon or the United States" is qualified to be a trustee. Or. Rev. Stat. § 86.790(1)(b).

Here, all defendants conceivably could meet the definition of a "trustee," because all are financial institutions authorized to do interstate business. See Or. Rev. Stat. § 706.008 (defining a "financial institution" as "insured institutions . . . and federal credit unions" including "the trust department of a bank"). Specifically, ReconTrust is a subsidiary of Bank of America, an FDIC insured, federally chartered bank. Therefore, as a matter of law, ReconTrust is qualified to act as a trustee.

In addition, plaintiff contends that Oregon's Trust Deed Act does not permit MERS to be designated as beneficiary as nominee for

Page 11 - OPINION AND ORDER

the lender. Plaintiff relies on a number of cases outside of this district, the majority of which are factually distinct, in support of her claim. See MERSCORP, Inc. v. Romaine, 8 N.Y.3d 90, 861 N.E.2d 81 (2006); Landmark Nat'l Bank v. Kesler, 289 Kan. 528, 216 P.3d 158 (2009), etc. Plaintiff contends that these cases hold that MERS can never acquire a beneficial interest in a promissory note or Deed of Trust, because MERS is merely an entity which tracks and records the sale of mortgage instruments. As such, plaintiff argues that MERS' lacks authority to assign trust deeds, promissory notes, appoint successor trustees or institute foreclosure.

Further, plaintiff alleges that someone other than the holder of the note is proceeding against the security. Accordingly, plaintiff argues that, to the extent that MERS' assignment had any effect, it is void, because the "assignment of a security interest without the assignment of the debt that it secures yields the assignee nothing." Schleef v. Purdy, 107 Or. 71, 78, 214 P. 137 (1923).

Oregon's Trust Deed Act defines "beneficiary" as "the person named or otherwise designated in a trust as the person for whose benefit a trust deed is given." Or. Rev. Stat. § 86.790(1)(d). Thus, nothing in the statute expressly prohibits MERS from being designated as a "beneficiary" under a trust deed.

Defendants argue that, under the broad language of Or. Rev. Stat. § 86.790(1)(d), MERS is an appropriate beneficiary as listed on the Deed of Trust. They contend that courts, both within and

outside the Ninth Circuit, have recognized that MERS, acting as nominee for a lender, can serve as a beneficiary, and as such, has the authority to assign its interest under a Deed of Trust. See Vawter v. Quality Loan Serv. Corp. Of Wash., 707 F.Supp.2d 1115 (W.D.Wash., 2010); Stewart v. MERS, 2010 WL 10655131, *12 (D.Or. Feb. 9, 2010); In re Huggins, 357 B.R. 180 (Bkrtcy.D.Mass. 2006); etc.

While neither party cites to it, this Court is aware of authority within this district that has questioned MERS' authority to assign its beneficial interest under a Deed of Trust. See In Re Allman, 2010 WL 3366405, *9-10 (Bkrtcy.D.Or. Aug. 24, 2010). While not directly on point, Allman held that the relationship of MERS to the lender "is more akin to that of a straw man than to a party possessing all the rights given a buyer," and accordingly the true "beneficiary" under the Deed of Trust remained the lender. Id.

Regardless, I find that it is inappropriate to resolve this issue at this stage in the proceedings. In the last several months, "a veritable tsunami of investigation into and litigation over mortgage foreclosure practices broke loose on a national scale." Bertrand v. Suntrust Mortgage, Inc., Civ. No. 09-857, Opinion and Order at 2 (D.Or. Nov. 1, 2010). Until case law within this jurisdiction is developed regarding MERS' role as beneficiary, it is impossible to conclude whether plaintiffs' complaint states a claim.

Moreover, plaintiff is correct that a foreclosure may be invalid where the entity commencing foreclosure is not the holder

Page 13 - OPINION AND ORDER

of the note. Despite plaintiff's requests, defendants have failed to provide proof that the foreclosing bank owned the promissory note or can trace its assignment. Therefore, the foreclosure may have been improper independent of MERS' general authority to assign the Deed of Trust.

Therefore, plaintiff's claim for a judgement declaring that defendants' actions are void for failure to be licensed by the state of Oregon or to comply with Oregon's Trust Deed Act fail as a matter of law and are dismissed.

However, to the extent that plaintiff is seeking a declaration that MERS lacks the general authority to assign the Deed of Trust as beneficiary, or that the foreclosure was improper because the foreclosing bank did not own the underlying note or failed to track its assignment, defendants' motion to dismiss is denied.

Finally, as an equitable matter, I find that it is necessary to enjoin defendants from completing foreclosure proceedings until all issues regarding the disputed property are resolved. As such, this Court finds it unnecessary to address plaintiff's motion for partial summary judgment, since the result sought therein has now been reached.

## III. Plaintiff's Second Claim for Fraud

Plaintiff's second claim alleges that BAC and ReconTrust made misrepresentations to plaintiff regarding ReconTrust's authority to act as trustee under Oregon law. Further, plaintiff contends that BAC made material misrepresentations about a negotiated short sale, a forbearance, and its status as a holder in due course entitled to

Page 14 - OPINION AND ORDER

payment.

As discussed above, ReconTrust is qualified to act as a trustee under Oregon's Trust Deed Act. Accordingly, any representations that were allegedly made by BAC or ReconTrust relating to ReconTrust's role as trustee were not false and cannot support a claim for fraud. Therefore, defendants' motion to dismiss is granted in part in regard to this aspect of plaintiff's second claim.

Moreover, I find that the remainder of plaintiff's fraud claim fails to meet Fed. R. Civ. P. 9(b)'s heightened pleading requirements. To satisfy Rule 9(b)'s standard, "the pleader 'must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Schreiber Distrib. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). A plaintiff must also "'set forth what is false or misleading about a statement, and why it is false.'" Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Additionally, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations . . . and inform each defendant separately of the allegations surrounding his alleged participation in fraud.'" Swartz v. KPMG LLP, 476 F.3d 756, 764-5 (9th Cir. 2007).

Here, plaintiff failed to identify the time, place, specific content, and the parties that allegedly made false representations. Furthermore, if plaintiff is alleging fraud based in part on an

Page 15 - OPINION AND ORDER

agreement between the parties that BAC would accept payment of a lesser amount in full satisfaction of the loan, plaintiff needs to provide evidence of this agreement to the Court. I will, however, grant plaintiff leave to amend her First Amended Complaint to add pleadings sufficient to meet Fed. R. Civ. P. 9(b).

Finally, while not included in the second claim for relief, plaintiff alleges that defendants fraudulently recorded documents with Lane County. Specifically, plaintiff alleges that defendants impermissibly used a "robo-signer," who was not authorized to act on defendants' behalf, in order to endorse the Assignments of the Deed of Trust and the Notice of Default. Plaintiff seeks relief for this alleged wrongdoing in her eighth claim for invalid encumbrances. However, because the basis of that claim is defendants' fraud, the Court suggests that plaintiff include these allegations instead in her second claim for relief, and plead them in accordance with Fed. R. Civ. P. 9(b).

IV.  Plaintiff's Third Claim for Breach of the Covenant of

Good Faith and Fair Dealing

Plaintiff's third claim for breach of the covenant of good faith and fair dealing appears to be asserted only against defendant BAC. Plaintiff's claim must be dismissed for two reasons. First, the factual allegations supporting the claim are conclusory. The entirety of plaintiff's third claim states merely that "BAC had a common law duty of good faith and fair dealing to plaintiff by virtue of the contract between defendant BAC and plaintiff. Defendant BAC breached its covenant of good faith and

fair dealing as set forth above." Amended Complaint ¶ 30-1. Because the pleadings amount to nothing more than bare assertions of the elements of a claim, they are not entitled to the presumption of truth. Ashcroft, 129 S.Ct. at 1951.

Second, plaintiff again misconstrues the law and facts surrounding this case. The basis of plaintiff's claim appears to be that BAC breached its contract with plaintiff in bad faith. In fact, plaintiff first breached the contract by failing to pay her mortgage in accordance with the terms of the promissory note. Therefore, to the extent that defendants proceeded to foreclose pursuant to the express terms of the contract, there can be no claim for breach of the covenant of good faith and fair dealing. Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp., 320 Or. 638, 645, 891 P.2d 639 (1995)("if a written contract between the parties expressly allows for a particular remedy by one of the parties, in the face of a specified breach, the parties' objectively 'reasonable expectations' under the contract include the invocation of that remedy in the face of that breach. The party invoking its express, written contractual right does not, merely by so doing, violate its duty of good faith").

Accordingly, defendants' motion to dismiss is granted in part, and plaintiff's third claim is dismissed.

V.    Plaintiff's Fourth Claim for Breach of Fiduciary Duty

Plaintiff withdraws her claim for breach of fiduciary duty against defendant BAC, acknowledging that BAC's relationship with plaintiff is not fiduciary in nature. Uptown Heights, 320 Or. at

Page 17 - OPINION AND ORDER

649-50. Therefore, plaintiff's fourth claim is dismissed.

## VI. Plaintiff's Fifth Claim for Declaratory Judgment

Plaintiff's fifth claim is for a declaratory judgment defining the rights of the parties. Plaintiff alleges that the securitization of her loan was in direct violation of the parties' lending agreement. However, as stated above, plaintiff has failed to provide this Court with any documentation of the loan or its terms. Further, plaintiff's allegations in the complaint regarding the terms of the agreement are unspecific and conclusory. Thus, it is impossible for this Court to determine whether defendants could have acted impermissibly in regard to selling investor certificates in plaintiff's underlying note.

As stated above, if the foreclosing bank cannot show that they own the underlying note or cannot trace its assignment, in part or wholly due to the securitization of the note, plaintiff may have a right to a declaratory judgement. However, plaintiff's fifth claim for relief currently fails to state a claim, and is therefore, dismissed. Defendants' motion to dismiss is granted in that regard.

## VII. Plaintiff's Sixth Claim for Quiet Title

Plaintiff's six claim seeks a decree from this Court that the property is free and clear of all encumbrances, including the Deed of Trust and promissory note. Here, the factual allegations supporting the complaint are once again conclusory. The entirety of plaintiff's sixth claim states that "[p]laintiff is the owner in possession of real property . . . Defendants . . . are not in

Page 18 - OPINION AND ORDER

possession of plaintiff's real property . . . Defendants . . . claim an interest adverse to plaintiff's." Amended Complaint ¶ 47-51.

Plaintiff is merely alleging the elements of a claim to quiet title. See Or. Rev. Stat. § 105.605 ("Any person claiming an interest or estate in real property not in the actual possession of another may maintain a suit in equity against another who claims an adverse interest"). However, plaintiff has failed to allege any particular facts entitling her to relief.

In addition, even if plaintiff's complaint did state a claim to quiet title, it would not be an appropriate remedy here. In general, a person may bring an equitable quiet title action to obtain resolution of a dispute relating to adverse or conflicting claims to real property. Spears v. Dizick, 235 Or. App. 594, 598, 234 P.3d 1037 (2010). While it is possible that defendants may have failed to follow the proper foreclosure procedures, it is undisputed that defendants had the right to foreclose based upon plaintiff's default under the loan. Thus, because plaintiff is unable to cure the default, she no longer has a valid claim for entitlement to the property. As such, there are no conflicting claims to the property for this Court to resolve.

Further, "[e]quitable relief does not lie if there is an adequate remedy at law." Alsea Veneer, Inc. v. State of Oregon, 318 Or. 33, 43, 862 P.2d 95 (1993). Here, plaintiff is seeking several other remedies, including over $2 million in monetary damages, an injunction against defendants from foreclosing on her

property, and a declaration that she owns the property free of any mortgage. Based on her complaint, plaintiff clearly believes that there are other adequate remedies available at law. Further, this Court is enjoining defendants from commencing foreclosure proceedings until this matter is resolved. As such, plaintiff has failed to show that she is not entitled to further equitable relief.

Accordingly, plaintiff's claim fails as a matter of law and defendants' motion to dismiss is granted in part. Plaintiff's sixth claim is dismissed.

VIII. Plaintiff's Seventh Claim to Remove Cloud on Title

Plaintiff's seventh claim seeks the removal of cloud on title. Plaintiff's claim fails for two reasons. First, the factual allegations supporting the complaint are conclusory. The entirety of plaintiff's seventh claim states only that defendants "claim a lien or other encumbrance adverse to plaintiff's interest in real property. The encumbrance is invalid because the beneficiary under the deed of trust is not entitled to payment on the note, as set forth above." Amended Complaint ¶ 52-3. Once more, plaintiff is merely asserting the bare elements of a claim. Ashcroft, 129 S.Ct. at 1951. Further, because plaintiff "incorporates by reference [all] paragraphs," it is difficult to even discern what relief plaintiff is seeking and the purported basis for that relief.

Second, as discussed above, MERS, the listed beneficiary under the deed of trust, is not seeking payment on the note. Rather, MERS' role was limited to essentially recording the transfer of the

Page 20 - OPINION AND ORDER

Deed of Trust.  Accordingly, plaintiff is not entitled to relief on
that basis.

Therefore, plaintiff's seventh claim for relief fails as a
matter of law.  Defendants' motion to dismiss is granted in part
and plaintiff's seventh claim for relief is dismissed.

VIV.  Plaintiff's Eighth Claim for Invalid Encumbrance

Plaintiff's final claim is for invalid encumbrances pursuant
to Or. Rev. Stat. § 205.450 et seq.  The factual allegations
supporting the claim are again conclusory.  Plaintiff's eighth
claim states only that "[d]efendant BAC knowingly filed, or
directed defendants MERS and ReconTrust to file, an invalid claim
of incumbrance against plaintiff's real property."  Amended
Complaint ¶ 56.  Plaintiff then goes on to list documents that were
recorded in the Lane County Clerk's Office.  Amended Complaint ¶
57.  However, the fact that these documents were recorded in Lane
County does not establish that they were in anyway invalid, much
less that defendants knew that they were invalid.  Thus, plaintiff
is again merely asserting the elements of a claim, without
identifying any particular facts entitling her to relief.  See Or.
Rev. Stat. 205.470 ("[a]ny person who knowingly files, or directs
another to file, an invalid claim of encumbrance shall be liable to
the owner of the property").  Accordingly, plaintiff fails to state
a plausible claim upon which relief can be granted.  Ashcroft, 129
S.Ct. at 1951.

Therefore, defendants' motion to dismiss is granted in part,
and plaintiff's eighth claim for relief is dismissed.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (doc. 10) is GRANTED in part and DENIED in part as follows: defendants' motion is GRANTED as to plaintiff's claims for fraud, breach of covenant of good faith and fair dealing, breach of fiduciary duty, fifth claim for declaratory judgment, quiet title, remove cloud on title, and invalid incumbrance; defendants' motion is DENIED as to plaintiffs' first claim for declaratory judgment.

This Court, however, GRANTS plaintiff leave to amend her First Amended Complaint in order to allege facts sufficient to state a claim for relief, and to replead her fraud claim, such that it complies with Fed. R. Civ. P. 9(b)'s heightened pleading requirements. The parties' requests for oral argument are DENIED as unnecessary.

Further, because this Court is enjoining defendants from foreclosing until the underlying dispute regarding the property is resolved, plaintiff's motion for partial summary judgment (doc. 32), seeking an injunction, is DENIED.

Finally, this Court encourages the parties to pursue mediation via the U.S. District Court of Oregon's Foreclosure Mediation Panel.

IT IS SO ORDERED.

Dated this ___ day of May 2011.

Ann Aiken
United States District Judge

Page 22 - OPINION AND ORDER