FILED07MAY'12 10:09USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAMELA K. STATON,

             Plaintiff,

     v.

BAC HOME LOANS SERVICING,
L.P.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS;
RECONTRUST COMPANY, N.A.,
a subsidiary of BAC N.A.;
and "also all other persons
or parties unknown claiming
any right, title, lien, or
interest in the property
described in the complaint
herein, including without
limitation all assignees
and/or successor trustee(s)";

             Defendants.

Case No. 6:10-cv-01306-AA
OPINION AND ORDER

---

Pamela K. Staton
95330 Highway 101 South
Yachats, Oregon 97498
     Pro se plaintiff

Page 1 - OPINION AND ORDER

Russell L. Baldwin
P.O. Box 1242
Lincoln City, Oregon 97367
     Preparation attorney for
     plaintiff

Kristen L. Tranetzki
Pilar C. French
Megan E. Smith
Lane Powell PC
601 S.W. 2nd Avenue, Suite 2100
Portland, Oregon 97402
     Attorneys for defendants

AIKEN, Chief Judge:

Defendants BAC Home Loans Servicing, L.P., Mortgage Electronic Registration Systems, and ReconTrust Company, N.A. move to dismiss plaintiff Pamela Staton's claims pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b). For the reasons set forth below, defendants' motion is granted in part and denied in part.

**BACKGROUND**

In 2005, plaintiff took out a loan from Countrywide Home Loans, Inc. ("Countrywide"), in the amount of $735,500, to purchase a home. Pursuant to this transaction, plaintiff executed a promissory note (the "Note") in favor of Countrywide. The Note was secured by a trust deed (the "Deed of Trust"), which lists Countrywide as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, "acting solely as nominee for Lender and Lender's successors and assigns," and Fidelity National Title Insurance ("Fidelity") as the trustee. The Deed of Trust was filed in Lane County, Oregon on November 29, 2005.

Pursuant to the Deed of Trust, plaintiff agreed to make

Page 2 - OPINION AND ORDER

monthly mortgage payments as required under the Note; plaintiff also agreed that she would be in default, and subject to foreclosure, if she failed to make such payments. In addition, the Deed of Trust stipulated that Countrywide could appoint a loan servicer; accordingly, at some point after the loan was originated, BAC Home Loans Servicing, L.P. ("BAC") began servicing plaintiff's loan. As such, BAC became responsible for collecting loan repayments and enforcing the terms of the parties' agreements.

In September 2009, plaintiff stopped making the requisite loan repayments, thereby materially defaulting. During the next three months, BAC provided plaintiff with opportunities to cure this default; plaintiff, however, did not do so.

Sometime prior to initiating foreclosure proceedings, Countrywide securitized, bundled, and sold, or "tranched," plaintiff's Note. As a result, CWALT, Inc.[1] ("CWALT") gained a beneficial interest in the Note. On January 6, 2010, MERS assigned the Deed of Trust to The Bank of New York Mellon, fka The Bank of New York ("BNYM"), as trustee for certificate holder CWALT. On January 11, 2010, the Assignment of the Deed of Trust was recorded in the official records of Lane County.

On January 6, 2010, BNYM by BAC appointed ReconTrust to serve as successor trustee for the Deed of Trust. This appointment was recorded in the official records of Lane County on January 11, 2010.

---

[1] CWALT, which is an acronym for "Countrywide Alternative Loan Trust," is a subsidiary of Countrywide.

On January 6, 2010, ReconTrust executed a Notice of Default and Election to Sell the disputed property. On January 11, 2010, the Notice of Default and Election to Sell was recorded in the official records of Lane County. On June 1, 2010, ReconTrust recorded the following documents in the official records of Lane County: Affidavit of Mailing of Notice of Sale, Affidavit of Publication of Notice of Sale, Affidavit of Service, and a copy of the Notice of Sale.

On September 17, 2010, plaintiff filed a complaint against defendants in Lane County Circuit Court. On September 25, 2010, plaintiff filed an amended complaint, alleging: 1) declaratory judgment that defendants' actions are void pursuant to Oregon's Trust Deed Act ("OTDA") and enjoining defendants from foreclosing; 2) fraud; 3) breach of the covenant of good faith and fair dealing; 4) breach of fiduciary duty; 5) declaratory judgment defining the rights and duties between plaintiff, defendants, and CWALT; 6) quiet title; 7) remove cloud on title; and 8) statutory claim for invalid encumbrance. On October 20, 2010, defendants removed plaintiff's claims, on the basis of diversity jurisdiction, to this Court.

On November 1, 2010, ReconTrust executed a new Notice of Default and Election to Sell. On November 4, 2010, the Notice of Default and Election to Sell was recorded in the official records of Lane County. A foreclosure sale has not yet occurred.

On November 24, 2010, defendants filed a motion to dismiss plaintiff's first amended complaint. On March 18, 2011, plaintiff

Page 4 - OPINION AND ORDER

filed a motion for partial summary judgment, seeking to permanently enjoin defendants from foreclosing on the property. In its June 1, 2011 Opinion and Order (the "Opinion"), this Court granted defendants' motion in regard to plaintiff's claims for fraud, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, fifth claim for declaratory judgment, quiet title, remove cloud on title, and invalid encumbrance; however, defendants' motion was denied in regard to plaintiff's first claim for declaratory judgment. The Opinion, however, denied plaintiff's motion for partial summary judgment. Plaintiff was granted leave to file a second amended complaint; as such, defendants were enjoined from completing foreclosure proceedings until this action was fully resolved.

Plaintiff filed a second amended complaint on September 26, 2011, alleging: 1) declaratory judgment that the actions of defendants are void pursuant to the OTDA and enjoining defendants from foreclosing; 2) fraud; 3) declaratory judgment defining the rights and duties between plaintiff, defendants, and CWALT; 4) quiet title; 5) remove cloud on title; 6) statutory claim for invalid encumbrance; and 7) knowingly false affidavit and perjury. Plaintiff seeks $2,245,000 in damages and a permanent injunction preventing defendants from foreclosing. Defendants now move to dismiss plaintiff's second amended complaint.

Page 5 - OPINION AND ORDER

## STANDARDS

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Bacca, 652 F.3d 1202, 1216, reh'g en banc denied, 659 F.3d 850 (9th Cir. 2011).

## DISCUSSION

Despite leave to amend, plaintiff's second amended complaint remains incomprehensible and conclusory, making it difficult to discern the allegations. Defendants assert that plaintiff's complaint fails to state plausible claims for relief; and, alternatively, contend that plaintiff's claims fail as a matter of law. In addition, defendants argue that plaintiff's second amended complaint is substantively identical to her first amended complaint; and because this Court has previously addressed and

dismissed these claims, defendants now request dismissal with prejudice.

## I. Preliminary Matter

Plaintiff's status must be addressed before reaching the merits of defendants' motion. Plaintiff has asserted throughout this action that she is proceeding pro se. Because pro se plaintiffs do not have the benefit of legal counsel, their pleadings are "held to less stringent standards" than those drafted by lawyers. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 923 n.4 (9th Cir. 2011), cert. denied, 132 S.Ct. 1000, 1001 (2012); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court, in many instances, steps out of its role as neutral decision maker and provides legal guidance to the pro se litigant by giving notice of deficiencies in the pleadings. See Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). Plaintiff's initial pleadings were treated in accordance with these liberal standards when this Court addressed defendants' previous motion to dismiss.

Nevertheless, it is undisputed that plaintiff has had the benefit of legal counsel throughout this litigation. When plaintiff initially filed this action in state court, she was represented by Russell Baldwin, an active member of both the Oregon State and Federal Bars.[2] Mr. Baldwin has remained involved in this

---

[2] Mr. Baldwin has been a licensed attorney in Oregon since 1989; his bar number is 891890. See Oregon State Bar Membership Directory, available at http://www.osbar.org/members/start.asp; see also Second Am. Compl. ("SAC") at pg. 25 ("[Mr. Baldwin is] an attorney licensed to practice in all state and federal courts within the state and district of Oregon, respectively").

case; he is listed on every document filed by plaintiff with this Court as either "attorney for plaintiff," "preparation attorney for pro se plaintiff," "attorney for plaintiff pro se," or some variation thereof. In each instance, Mr. Baldwin represents to the Court that he "prepar[ed] and fil[ed] the above [listed document]." See, e.g., Pl.'s Resp. to Mot. Dism. 25. Further, in her second amended complaint, plaintiff is seeking "mandatory attorney fees . . . pursuant to ORS 205.470" for "her counsel Russell L. Baldwin." SAC at pgs. 1-2, 24.

Accordingly, regardless of how plaintiff refers to her representational status, the record reveals that Mr. Baldwin has acted and continues to act as plaintiff's legal counsel. Therefore, because she has the advantage of legal assistance, this Court finds that plaintiff is represented for the purposes of addressing the motion at bar.

II.  Analysis

The issue at this stage in the proceedings is whether plaintiff can allege any plausible claims for relief relating to defendants' attempted foreclosure of the property.

A.  Declaratory Judgment Claim

Plaintiff's first claim is virtually unchanged from her previous complaint. Compare Am. Compl. ¶¶ 1-15, with SAC ¶¶ 3-20. Plaintiff again asserts that "ReconTrust is unqualified to act as a debt collector under Oregon law." SAC ¶ 10.  In addition, plaintiff repeats her allegations that defendants' actions are void because MERS is not qualified to act as a beneficiary, and

Page 8 - OPINION AND ORDER

defendants are not qualified to act as trustees, under the OTDA. Id. at ¶¶ 9-10.    Further, plaintiff contends that Christina Balandran "signed documents for defendants," even though she "has never been in possession of the note, nor is she an attorney licensed to practice in Oregon," thereby "unlawfully impersonat[ing] a qualified trustee."  Id. at ¶¶ 10, 13, 18. Finally, plaintiff seeks a declaration that defendants are unable to pursue foreclosure until they present the original promissory note.

Defendants make a number of arguments in support of dismissal. First, defendants contend that plaintiff is not entitled to declaratory relief because she has unclean hands, as she has not alleged an ability to cure the default.  Second, defendants assert that plaintiff's claim should be dismissed because she cannot allege a justiciable controversy.  Third, defendants argue that plaintiff cannot state a claim as a matter of law.

This Court finds the final issue dispositive and therefore declines to address defendants' first two arguments. Nevertheless, it should be noted this District recently rejected the same arguments in an analogous context.  See James v. ReconTrust Co. ("James I"), 2011 WL 3841558, *3-6 (D.Or. Aug. 26, 2011), adopted in part and vacated in part by 2012 WL 653871 (D.Or. Feb. 29, 2012) (rejecting defendants' unclean hands and lack of justiciable controversy arguments where plaintiffs in default were challenging the trustee's authority to pursue nonjudicial foreclosure under the OTDA based on MERS' role as beneficiary); see also Gomez v. Bank of

Page 9 - OPINION AND ORDER

America, N.A., 2012 WL 929790, \*2-3 (D.Or. March 19, 2012).

### i. Oregon's Licensing Requirements

As discussed in the Opinion, ReconTrust is not required to register as a debt collector in order to initiate non-judicial foreclosure. Opinion at 10-11 (citing Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188, 1203-04 (D.Or. 2002)); see also Or. Rev. Stat. §§ 697.005(1)(b), 697.015 (trust companies are not debt collectors). Therefore, plaintiff's first claim is again dismissed to the extent that it is premised on ReconTrust's role as a debt collector.

### ii. Oregon's Trust Deed Act

Plaintiff next repeats her allegations challenging the propriety of defendants' actions under the OTDA. Specifically, plaintiff contends that defendants' actions are void because "MERS has no standing to assign the trust deed." SAC ¶ 10, 20. While not explicitly stated, it appears as though plaintiff is alleging that, despite the fact that the Deed of Trust designates MERS as the beneficiary, MERS is not a legitimate beneficiary under the OTDA because it has no beneficial interest in the Note. As a result of the allegedly invalid assignments and appointments that MERS made pursuant to its improper role as beneficiary, plaintiff also asserts that defendants are not qualified to act as trustees under the OTDA.

The OTDA was enacted to "'counterbalance the foreclosure advantages given [to] the creditor.'" James v. Recontrust Co. ("James II"), 2012 WL 653871, \*5 (D.Or. Feb. 29, 2012) (quoting

Ronald Brady Tippetts, Note, Trust-Deed History in Oregon, 44 OR. L. REV. 149, 150 (1965)). Accordingly, a creditor's failure to strictly comply with the statutory process outlined in the OTDA is fatal to any nonjudicial foreclosure proceeding.  Id.; Staffordshire Inv., Inc. v. Cal-Western Reconveyance Corp., 209 Or.App. 528, 542, 149 P.3d 150 (2006); Baggao v. Mascaro, 77 Or.App. 627, 631-32, 714 P.2d 261 (1986).  As such, the OTDA "'protect[s] [borrowers] from the unauthorized foreclosure and wrongful sale of property, while at the same time providing creditors with a quick and efficient remedy against a defaulting [borrower]. . . without the necessity for judicial action.'"  Id. (quoting Staffordshire, 209 Or.App. at 542).

Thus, under the OTDA, all assignments of the deed of trust from one beneficiary to another, as well as any appointment of successor trustee, must be recorded before the beneficiary, or one of its agents, initiates nonjudicial foreclosure. Or. Rev. Stat. § 86.735(1).  The OTDA defines "beneficiary" as "the person named or otherwise designated in a trust as the person for whose benefit a trust deed is given." Or. Rev. Stat. § 86.705(1).

There are, to date, no Oregon Court of Appeals or Oregon Supreme Court decisions addressing whether MERS is a true beneficiary under the OTDA. Without guidance from the state's highest courts, this District has attempted to resolve these issues; however, no consensus has been reached. See Beyer v. Bank of America, 800 F.Supp.2d 1157, 1161-62 (D.Or. 2011) (MERS is a valid beneficiary under the OTDA when designated as such in the

trust deed); Reeves v. ReconTrust Co., 2012 WL 652681, *7 (D.Or. Feb. 28, 2012); Stolz v. OneWest Bank, 2012 WL 135424, *12 (D.Or. Jan. 13, 2012); Crowden v. Fed. Nat'l Mortg. Ass'n, 2011 WL 6740741, *8 (D.Or. Dec. 22, 2011); Sovereign v. Deutsche Bank, 2011 WL 5592392, *5 (D.Or. Nov. 15, 2011); Tabb v. OneWest Bank, FSB ("Tabb I"), 2011 WL 4448752, *10 (D.Or. Aug. 26, 2011); Richard v. Deutsche Bank Nat'l Trust Co., 2011 WL 2669084, *4-6 (D.Or. May 12), adopted in part by 2011 WL 2650735 (D.Or. July 6, 2011); Bertrand v. Suntrust Mortg., 2011 WL 1113421, *3 (D.Or. March 23, 2011); Burgett v. Mortg. Elec. Registration Sys., Inc., 2010 WL 4282105, *2 n.1 (D.Or. Oct. 20, 2010); Somers v. Deutsche Bank Nat'l Trust Co., Case Nos. CV 11-02-0133 and FE 110027, Letter Op. at 4 (Clackamas Cnty. Cir. Crt. July 6, 2011); Nigro v. Northwest Tr. Servs., Inc., Case No. 11-CV-0135, Letter Op. at 2 (Josephine Cnty. Cir. Crt. May 11, 2011); Yovko v. Northwest Tr. Servs., Inc., Case No. C11-0703CV, Order at 3 (Washington Cnty. Cir. Crt. Nov. 22, 2011); but see James II, 2012 WL 653871 at *9-12 (MERS is not a proper beneficiary under the OTDA, even where designated as such in the trust deed); Gomez, 2012 WL 929790 at *3; Hooker v. Northwest Tr. Servs., Inc., 2011 WL 2119103, *3 (D.Or. May 25, 2011); In re McCoy, 446 B.R. 453, 457 (Bankr.D.Or. 2011); U.S. Bank v. Flynn, Case No. 11-8011, Letter Op. at 1-2 (Columbia Cnty. Cir. Crt. June 23, 2011).

Further, independent of whether MERS is a legitimate beneficiary within the meaning of the OTDA, MERS' designation as both nominee and beneficiary in the trust deed raises two key

Page 12 - OPINION AND ORDER

issues.  First, MERS cannot operate as the beneficiary and the
lender's agent at the same time: "[t]hat a company cannot be both
agent and principal with respect to the same right is axiomatic."
Christopher L. Peterson, Two Faces: Demystifying the Mortgage
Electronic Registration System's Land Title Theory, 53 WM. & MARY L.
REV. 111, 119 (2011) (citing Restatement (Third) of Agency §§
1.01-.02 (2006)).  Second, whether MERS' assignments of the Deed of
Trust or Appointment of Successor Trustee were made pursuant to its
role as agent or beneficiary is ambiguous.  Thus, MERS' role in the
foreclosure process is problematic and, moreover, wholly unresolved
at this juncture.

In order to generate a solution, this Court has certified the
issue of whether MERS has the authority, under the OTDA, to make
assignments and appointments initiating nonjudicial foreclosure
when designated as both beneficiary and nominee in the trust deed.
Therefore, plaintiff's first claim is stayed to the extent that it
challenges defendants' actions under the OTDA.  This Court awaits
acceptance of certification and resolution of these issues.

Accordingly, defendants' motion to dismiss is granted to the
extent that plaintiff's first claim for declaratory judgment is
premised on ReconTrust's role as debt collector and a show-me-the-
note theory; the motion is denied as to plaintiff's allegations
regarding the impropriety of defendants' actions under the OTDA.

iii. Presentation of the Note

Plaintiff next seeks a declaration that defendants cannot
foreclose until the "original promissory note, with any and all

allonges, [is] presented to this court." SAC ¶ 12.

Plaintiff cannot state a plausible claim for relief on this basis; presentation of the original promissory note is not required under Oregon law. See Tabb v. OneWest Bank (IndyMac) ("Tabb II"), 2010 WL 5684402, *5 (D.Or. Nov. 1, 2010) ("Oregon . . . does not require any party to a trustee's sale to produce a physical copy of the original note"); Barker v. GMAC Mortg., LLC, 2011 WL 3360677, *2 (D.Or. Aug. 3, 2011), recons. denied, 2011 WL 4754529 (D.Or. Oct. 6, 2011); Beyer, 800 F.Supp.2d 1157, 1159 (D.Or. 2011) (OTDA "does not require presentment of the Note or any other proof of 'real party in interest' or 'standing' other than the Deed of Trust.") (citing Stewart v. Mortg. Elec. Registration Sys., Inc., 2010 WL 1055131, *12 (D.Or. Feb. 9, 2010)); see also Or. Rev. Stat. § 86.735 (presentation of the note is not listed as a requirement for nonjudicial foreclosure).

Therefore, to the extent that plaintiff's first claim is premised on a show-me-the-note theory, defendants' motion is granted.

B.   Fraud Claim

Plaintiff's second amended complaint acknowledges that "plaintiff and her counsel lack sufficient information to meet the heightened pleading requirements imposed by FRCP 9(b) and the certification requirements imposed by FRCP 11." SAC ¶ 21. Therefore, plaintiff seeks to withdraw her fraud claim until the parties have completed pre-trial discovery. Id.; see also Pl.'s Resp. to Mot. Dism. 3.

Page 14 - OPINION AND ORDER

The purpose of Fed. R. Civ. P. 9(b) is two-fold: first, "[r]ule 9(b) serves to give defendants adequate notice to allow them to defend against the charge"; second, rule 9(b) "deter[s] the filing of complaints 'as a pretext for the discovery of unknown wrongs' . . . [by] 'prohibit[ing] plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996) (quoting Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)). As such, these heightened pleading requirements exist to "eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed." U.S. ex rel. Elms v. Accenture LLP, 341 Fed.Appx. 869, 873 (4th Cir. 2009) (internal quotations and citation omitted); see also In re Stac Elec., 89 F.3d at 1405.

Here, plaintiff commenced this lawsuit in September 2010. Since that time, she has filed three complaints and has had more than one year to engage in discovery. Further, since defaulting in September 2009, plaintiff has been permitted to stay in her home without providing any loan repayments or posting a bond.[3] Regardless, because of the liberal pleading standards outlined in Fed. R. Civ. P. 15, this Court grants plaintiff leave to replead her fraud claim. However, in the interest of advancing this

[3] Defendants assert that plaintiff has "sav[ed] approximately $104,690.40," which represents "plaintiff's monthly [loan] payments of $4,362.10 . . . multipl[ied] by the 24 months plaintiff has been in default." Defs.' Memo. in Supp. of Mot. Dism. 7. Plaintiff does not dispute the amount owed or the fact that she is in default.

litigation, and to prevent plaintiff from using her fraud claim as a pretext for uncovering unknown wrongs through the discovery process, plaintiff must file her fraud claim within twenty days of the date of this opinion.

Moreover, since almost all of plaintiff's claims are premised, in part, on defendants' fraudulent acts, the Court again suggests that plaintiff include these allegations as part of her fraud claim and plead them in accordance with the heightened standards set forth in Fed. R. Civ. P. 9(b). See Opinion at 15-16.

## C. Declaratory Judgment Claim

Plaintiff next seeks a declaratory judgment defining the rights of the parties; plaintiff's third claim is substantively similar to her fifth claim in her first amended complaint, except that she added paragraphs regarding the allegedly fraudulent actions of Ms. Balandran and Janet Koch. Compare Am. Compl. ¶¶ 37-46, with SAC ¶¶ 22-35.

Thus, plaintiff again seems to allege that the securitization of her loan was in direct violation of the parties' lending agreement. Plaintiff also seeks a declaration that defendants' actions are void because they "sought to foreclose plaintiff's interest . . . without written authority from the minimum proportion of voting rights represented by such Investors for the certificate holders of the CWALT Trust." SAC ¶¶ 27-29. In addition, plaintiff contends that, because "defendants cannot show that any of them own the underlying note," and "cannot trace the assignments of the note," they are not entitled to foreclose. Id.

Page 16 - OPINION AND ORDER

at ¶¶ 30, 32.    Finally, plaintiff seeks a declaration that
defendants' actions were invalid because they "have self-proclaimed
their interest and ownership without any legally verified
documentary evidence [of] ownership or authority to execute the
foreclosure of plaintiff's residence."   Id. at ¶ 34.

Despite her legal conclusions to the contrary, plaintiff has
failed to provide this Court with any factual allegations or loan
terms demonstrating that defendants were prohibited from selling or
tranching the Note.   In fact, plaintiff's Deed of Trust explicitly
states that "[t]he Note or partial interest in the Note (together
with this Security Instrument) can be sold one or more times
without prior notice to Borrower."   McCarthy Decl. Ex. 1 ("Deed of
Trust") at 9.[4]   Thus, because plaintiff expressly agreed to allow
defendants to sell the Note, she cannot now state a claim based on
Countrywide's transfer of its beneficial interest to CWALT.

Moreover, plaintiff cannot state a claim in regard to CWALT's
alleged lack of authorization of the foreclosure.   Since CWALT is
not a party[5] to this litigation, the supposed actions of its
certificate holders are not properly before this Court; even if

_____

[4] The Court took judicial notice of the Deed of Trust in
regard to defendants' motion to dismiss plaintiff's first amended
complaint.   See Opinion at 7-8.   Pursuant to that motion, this
Court also took judicial notice of: Assignment of the Deed of
Trust, Appointment of Successor Trustee, Notices of Default and
Elections to Sell, and Affidavits of Mailing of Notice of Sale,
of Publication of Notice of Sale, and of Service.   See McCarthy
Decl. Exs. 1, 4-8.

[5] It is undisputed that CWALT is not a "party unknown" to
plaintiff; as such, CWALT is not included in plaintiff's broad
description of unnamed defendants.

they were, however, plaintiff's claim would still fail, as her contentions regarding CWALT's lack of authorization are conclusory and devoid of factual support.

The remainder of plaintiff's declaratory judgment claim is contingent upon the conclusion that any loan within the MERS system is unenforceable.   Therefore, plaintiff's third claim is also stayed pending disposition of this issue by the Oregon Supreme Court.

D.   Quiet Title Claim

Plaintiff's fourth claim seeks a decree from this Court that the disputed property is free and clear of all encumbrances, including the Deed of Trust. Plaintiff's amended quiet title claim is identical to that claim in her previous complaint, except that plaintiff adds a paragraph stating that defendants' interest "in plaintiff's real property is without merit because plaintiff's note was split from plaintiff's deed of trust by defendants, tranched, and sold to divergent investors." SAC ¶ 44.

The factual allegations supporting the complaint are once again conclusory. With the exception of the additional paragraph, the entirety of plaintiff's fourth claim states that "[p]laintiff is the owner in possession of real property . . . [defendants are] not in possession of plaintiff's real property . . . [defendants] claim a right [which] . . . is adverse to plaintiff's interest." Id. at ¶¶ 37-43. Accordingly, plaintiff continues to merely allege the elements of a claim to quiet title. See Or. Rev. Stat. § 105.605 ("Any person claiming an interest or estate in real

Page 18 - OPINION AND ORDER

property not in the actual possession of another may maintain a suit in equity against another who claims an adverse interest").

More importantly, however, plaintiff's claim fails as a matter of law. To secure a judgment quieting title, plaintiff must establish that she has "a substantial interest in, or claim to, the disputed property and that [her] title is superior to that of defendants." Coussens v. Stevens, 200 Or.App. 165, 171, 113 P.3d 952 (2005) (citing Or. Rev. Stat. § 105.605; and Faw v. Larson, 274 Or. 643, 646, 548 P.2d 495 (1976)). While this standard "does not require the plaintiff's title to be above reproach, it does require that [plaintiff] prevail on the strength of [her] own title as opposed to the weaknesses of defendants' title." Id. (citations and internal quotations omitted).

Accordingly, in order to state a claim to quiet title, plaintiff must assert the requisite strength of her own title. See Rigor v. Freemont Inv. & Loan, 2012 WL 913631, *1 (D.Or. Feb. 13, 2012) (plaintiff could not state a claim to quiet title where the complaint "fails to include any allegation that plaintiff has superior title to that of defendants, and that the subject loan has been satisfied or that plaintiff is ready, willing and able to tender the full amount owed on the loan"). Plaintiff, however, neglected to allege that she has title superior to that of defendants; rather, she only attacks defendants' title, contending that their right to foreclose is "without merit because plaintiff's note was split from [the] trust deed." SAC ¶ 44.

As stated in the Opinion, plaintiff is unable to allege the

supremacy of her own title because she no longer has any ownership interest in the disputed property:

> a person may bring an equitable quiet title action to obtain resolution of a dispute relating to adverse or conflicting claims to real property. Spears v. Dizick, 235 Or.App. 594, 598, 234 P.3d 1037 (2010). While it is possible that defendants may have failed to follow the proper foreclosure procedures, it is undisputed that defendants had the right to foreclose based upon plaintiff's default under the loan. Thus, because plaintiff is unable to cure the default, she no longer has a valid claim for entitlement to the property. As such, there are no conflicting claims to the property for this Court to resolve.

Opinion at 19; see also Rigor, 2012 WL 913631 at *1; Richard, 2011 WL 2669084, at *12.

Plaintiff's second amended complaint alleges no new facts relating to her ability to cure the default or defendants' right to foreclose; as such, plaintiff does not provide a basis upon which she is entitled to quiet title. Rather, because plaintiff was legitimately in default, she no longer has an ownership interest in the disputed property. Thus, the fact that defendants allegedly impermissibly split the Note from the Deed of Trust does not advance plaintiff's claim. Therefore, defendants' motion to dismiss is granted in regard to plaintiff's fourth claim.

E. Remove Cloud on Title Claim

Plaintiff's fifth claim seeks the removal of cloud on title and is substantively the same claim as alleged in her first amended complaint. Compare Am. Compl. ¶¶ 52-54, with SAC ¶¶ 46-48. While difficult to decipher, it appears as though plaintiff's claim to remove cloud on title is duplicative of her claim to quiet title, as both seek to remove allegedly defective "lien[s] and other

Page 20 - OPINION AND ORDER

encumbrances" from the disputed property. See SAC ¶¶ 47-48, 41-43.
Plaintiff, however, added a paragraph specifically addressing why
the "clouds on title should be removed": "the assignment of the
trust deed is fictitious and apparently fraudulent . . . [t]he
appointment of the successor trustee from BNYM/CWALT Trust to
defendant ReconTrust is similarly fictitious and apparently
fraudulent . . . the notice of default and election to sell is
fictitious and apparently fraudulent." Id. at ¶ 48.

Although unclear, plaintiff seems to challenge again the
propriety of defendants' actions based on the premise that MERS is
an invalid beneficiary under the Deed of Trust and that MERS'
actions split the Note from the Deed of Trust. See id. at ¶ 47.
In other words, plaintiff is alleging that MERS' involvement in the
foreclosure process somehow renders defendants' recorded
assignments "fictitious" and "fraudulent."

As a preliminary matter, it should be noted that an action to
remove cloud on title is distinct from an action to quiet title.
Moores v. Clackamas Cnty., 40 Or. 536, 539, 67 P. 662 (1902).  In
an action to remove cloud on title, the plaintiff is required to
allege that a seemingly valid claim or encumbrance is, in fact,
invalid "and thereby show [the] right to have it removed as a
cloud." Id. (citation omitted); see also Crim v. Thompson, 98 Or.
599, 605, 193 P. 448 (1920) (a clouded title is "an estate in or
incumbrance upon real property which is apparently valid but in
fact without foundation"). Conversely, and as discussed above, in
an action to quiet title, "the pleader [must], after the necessary

Page 21 - OPINION AND ORDER

averments of [superior] title and possession, . . . allege that
defendant claims an adverse interest or estate, and call upon him
to set it forth."   Moores, 40 Or. at 539-40 (citations omitted);
see also Coussens, 200 Or.App. at 171.

As such, unlike a claim to quiet title, a claim to remove
cloud on title is not contingent upon the strength of plaintiff's
own title.   Accordingly, a claim to remove cloud can be sustained
where the plaintiff merely alleges that the defendant has filed
latently invalid encumbrances.

That is precisely what occurred here; plaintiff expressly
alleges that MERS' involvement in the foreclosure process renders
defendants' seemingly valid encumbrances "fictitious" or "fraulent"
and, as such, invalid.   See SAC ¶ 47-48.   Therefore, because
plaintiff's fifth claim is premised on MERS' designation as
beneficiary in the Deed of Trust, her claim to remove cloud on
title is stayed until the Oregon Supreme Court addresses this issue
on certification.

## F.   Invalid Encumbrance Claim

Plaintiff's invalid encumbrance claim, pursuant to Or. Rev.
Stat. § 205.470,[6] is virtually unchanged from her first amended
complaint.   Compare Am. Compl. ¶¶ 55-60, with SAC ¶¶ 49-60.[7]   As
such, plaintiff asserts that defendants knowingly filed a number of

---

[6]   Plaintiff erroneously brings her invalid encumbrance
claim under the remedy provision of the statute.   Statutory
invalid encumbrance claims are instead governed primarily by Or.
Rev. Stat. § 205.455.

[7]   Plaintiff misnumbered the paragraphs in her second amended
complaint, erroneously omitting ¶¶ 52-57.

Page 22 - OPINION AND ORDER

"defective" documents; plaintiff then lists several documents that were recorded in the Lane County Clerk's Office, "each of which constitute an invalid claim of encumbrance." SAC ¶¶ 50-51. Defendants allegedly "knew that the encumbrances were invalid because they each had persons in their employ who were supervised and hired by them to create fictitious documents." Id. at ¶ 58.

Plaintiff misconstrues the nature of this statutory claim; while there are no published cases discussing invalid claims of encumbrance brought under Chapter 205 of the Oregon Revised Statutes, the plain language makes clear that the statute was not intended to protect privates citizens. Rather, Chapter 205 governs county clerks. As such, the statute prohibits county clerks from "accept[ing] for filing an invalid claim of encumbrance," such as "a claim of encumbrance against the property of a federal official or employee or a state or local official or employee based on the performance or nonperformance of the official duties of the official or employee." Or. Rev. Stat. §§ 205.455(1), (2); see also Or. Rev. Stat. §§ 205.450, 205.455(3), 205.465 (defining an "invalid claim of encumbrance" as a "claim of encumbrance against the property of a federal official or employee or a state or local official or employee based on the performance or nonperformance of the official duties of the official or employee that is not accompanied by an order from a court of competent jurisdiction").

Thus, statutory invalid encumbrance claims seek to prevent citizens from filing encumbrances against the public or private property of a government employee as retribution for the perceived

Page 23 - OPINION AND ORDER

damage that employee committed pursuant to the exercise of his or her official duties. See Or. Rev. Stat. §§ 205.455, 205.465; see also Sara A. Wiswall, Remedies for Removing Unlawful Liens and Encumbrances: A Response to "Paper Terrorism," 30 MCGEORGE L. REV. 546, 548-53 (1999) ("anti-government extremists are engaging in 'paper terrorism' [by filing] false liens, and other encumbrances on the property of public officers or agents as a form of restitution," discussing Or. Rev. Stat. § 205.455 and analogous California statutes). Accordingly, the remedy provision of the statute enables government employees to seek monetary damages for these retaliatory filings. See Or. Rev. Stat. § 205.470.

Because plaintiff is not a government official or employee, and because defendants did not file encumbrances against the disputed property as retribution for official governmental duties, plaintiff cannot state a statutory claim for invalid encumbrance.

Even if plaintiff could sustain such a claim, however, her pleadings still fail, as her allegations are vague and conclusory. As stated in the Opinion, the fact that these documents were recorded in Lane County does not establish that they were in anyway invalid. Opinion at 21. Plaintiff does not explain how these documents are "defective"; as such, plaintiff cannot state a claim for relief because she does not allege "sufficient . . . underlying facts" in support of her claim. Starr, 652 F.3d at 1216.

Moreover, plaintiff's assertion that defendants had knowledge of the allegedly invalid encumbrances "because they each had persons in their employ who . . . create[d] fictitious documents"

Page 24 - OPINION AND ORDER

is similarly vague and conclusory. Thus, plaintiff is again merely asserting the elements of a claim, without identifying any particular facts entitling her to relief. See Or. Rev. Stat. § 205.470 ("[a]ny person who knowingly files, or directs another to file, an invalid claim of encumbrance shall be liable to the owner of the property"). Plaintiff's invalid encumbrance claim is improperly plead and therefore dismissed.

Further, because the underlying basis of this claim is defendants' alleged fraud in creating and recording the allegedly "defective" documents, plaintiff must meet the heightened pleading requirements outlined in Fed. R. Civ. P. 9(b). As such, plaintiff's claim fails for this additional reason. Defendants' motion is therefore granted as to plaintiff's sixth claim.

G. Perjury Claim

Plaintiff's final claim is for civil perjury. Plaintiff alleges that Stacy Blouin, an employee of BNYM, lied in her affidavit by testifying that she had not received a request for a meeting or loan modification. SAC ¶ 62. In addition, plaintiff contends that "[t]he assertion that Stacy L. Blouin was acting for BNYM was knowingly false [because] Ms. Blouin was acting for [BAC and ReconTrust]." Id. Plaintiff's seventh claim fails for two reasons.

First, plaintiff has not cited to, and this Court is not aware of, any authority which supports a civil cause of action for perjury. The Oregon statutes that govern perjury are all criminal in nature. See Or. Rev. Stat. §§ 162.055, 162.065, 162.075.

Page 25 - OPINION AND ORDER

Moreover, while Oregon has not explicitly addressed this issue, all other districts within this Circuit have uniformly held that "there is no civil cause of action for perjury; it is a criminal offense." Lowry v. Metro. Transit, 2010 WL 2485611, *2 (S.D.Cal. June 16, 2010); see also Smith v. Amtrak Rys., USA, 2010 WL 891933, *2 (E.D.Cal. March 9, 2010) ("California law does not recognize a civil cause of action for perjury"); FMC Techs., Inc. v. Edwards, 464 F.Supp.2d 1063, 1067 (W.D.Wash. 2006) ("there is no civil cause of action for perjury"); Ting v. United States, 927 F.2d 1504, 1515 (9th Cir. 1991) ("a civil action for damages for injuries arising from false testimony or perjury is not recognized in California"). As such, plaintiff is unable to state a claim for civil perjury, as no such cause of action exists.

Second, even if perjury was a cognizable civil claim, plaintiff has not alleged any facts, beyond mere conclusory allegations, that Ms. Blouin lied in her affidavit or was acting improperly in regard to BNYM. In support of her claim, plaintiff attaches a copy of a "declaration of hardship" letter she sent to the Bank of America Home Loans program and a loan modification request form that she sent to "BAC - Home Retention Division - (Any Agent)." SAC Ex. B, at 3-5. These documents, however, fail to demonstrate that Ms. Blouin actually received or had knowledge of these documents, especially since they were not addressed to her. As such, plaintiff fails to state a claim for civil perjury; accordingly, defendants' motion is granted in that regard.

Page 26 - OPINION AND ORDER

## CONCLUSION

Defendants' motion to dismiss (doc. 55) is GRANTED in part and DENIED in part as follows: defendants' motion is GRANTED as to plaintiff's claims for fraud, quiet title, invalid incumbrance, and civil perjury; defendants' motion is DENIED, with leave to renew, as to plaintiff's first claim for declaratory judgment, third claim for declaratory judgment, and claim to remove cloud on title, as those claims are stayed pending the Oregon Supreme Court's resolution, upon certification, of issues relating to MERS' role in the nonjudicial foreclosure process.

Plaintiff, however, is GRANTED leave to replead her fraud claim within twenty days of the date of this opinion. Defendants are enjoined from foreclosing until all issues regarding the disputed property are resolved. Finally, defendants' request for oral argument is DENIED as unnecessary.

IT IS SO ORDERED.

Dated this 5th day of April 2012.

Ann Aiken
United States District Judge