THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

PAMELA K. STATON,

        Plaintiff,

   v.

BANK OF AMERICA (BAC)
HOME LOANS SERVICING, LP,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS
(MERS), RECONTRUST
COMPANY, NA, a subsidiary
of BAC NA,

        Defendants.

No. 6:10-cv-01306-PA

**ORDER**

**PANNER, J.**

    This matter comes before the Court on Defendants' Renewed Motion to Dismiss Third Amended Complaint (#107). Defendants' motion is GRANTED. This case is DISMISSED with prejudice.

## Background

    In November 2005, Plaintiff took out a loan for $735,000 from Countrywide Home Loan, Inc. (Countrywide), secured by a Note and Deed of Trust. Under the terms of the Deed of Trust, Countrywide served as the originating lender, Fidelity National Title Insurance served as trustee, and Defendant Mortgage Electronic Registration Systems, Inc. (MERS) served as

1 - ORDER

beneficiary "solely as a nominee for Lender and Lender's successors and assigns." The Deed of Trust also provided for the appointment of a loan servicer, who was entitled to collect payments and enforce the terms of the loan. At some point, Defendant Bank of America (BAC) became the loan servicer.

In September 2009, Plaintiff ceased making payments on her loan. In January 2010, Defendant ReconTrust, as successor trustee, recorded a Notice of Default and Election to Sell the Property (NODES), which was later rescinded. In November 2010, ReconTrust recorded a second NODES, which was again rescinded. A third NODES was recorded in May 2011. The third NODES has also been rescinded and Defendants' counsel certifies that they will make no further attempt to non-judicially foreclose the Deed of Trust. Rather, Defendants represent that they intend to proceed with a judicial foreclosure.

Plaintiff initially filed this action in Lane County Circuit Court in 2010. Following the filing of Plaintiff's First Amended Complaint, Defendants removed to federal court and filed a motion to dismiss. In a detailed opinion (#38), Judge Aiken granted in part and denied in part. On September 26, 2011, Plaintiff filed a Second Amended Complaint. Defendants again moved to dismiss. On May 5, 2012, Judge Aiken issued an Order (#75) staying the motion to dismiss with regard to some of Plaintiff's claims pending the Oregon Supreme Court's ruling on certified questions. Judge Aiken dismissed the remaining claims.

Plaintiff filed her Third Amended Complaint (TAC) on June 29, 2012. Defendants again moved to dismiss. Judge Aiken stayed the entire case pending the Oregon Supreme Court's decision on

2 - ORDER

certified questions (#98). On June 6, 2013, the Oregon Supreme Court issued its decision on the certified questions in <u>Brandrup v. ReconTrust, NA</u>, 353 Or. 668 (2013). The case was subsequently transferred to this Court and the stay lifted. Defendants have renewed their motion to dismiss the TAC.

## Legal Standard

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. <u>Rosen v. Walters</u>, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. <u>Starr v. Baca</u>, 652 F.3d 1202, 1216, <u>reh'g en banc denied</u>, 659 F.3d 850 (9th Cir. 2011).

## Discussion

Plaintiff's Third Amended Complaint asserts claims for declaratory judgment, fraud, negligent misrepresentation, breach of contract, trespass, violations of the Fair Debt Collection Practices Act, violations of the Oregon Trust Deed Act, quiet title, and to remove cloud on title.

3 - ORDER

A. Plaintiff's First Claim

Plaintiff's first claim is for declaratory judgment. Plaintiff alleges that Defendants' attempted non-judicial foreclosure was unlawful. Plaintiff also alleges that her loan was improperly securitized, in part because Defendants are alleged to have failed to comply with the terms of their Pooling and Servicing Agreement (PSA), and that, as a consequence, her loan is now an unsecured obligation. Plaintiff requests that the Court enjoin Defendants from acting as trustees or appointing successor trustees. Plaintiff also seeks a declaration that the attempted non-judicial foreclosure is improper. Defendants argue that because they have certified that they do not intend to resurrect the non-judicial foreclosure, this claim is now moot.

The constitutional authority of federal courts extends only to actual cases and controversies. U.S. Const. art. III, § 2, cl. 1; see Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983). A case or controversy requires that "an actual, ongoing controversy exist at all stages of federal court proceedings." Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (9th Cir. 2011). Federal courts lack jurisdiction over moot cases. Iron Arrow, 464 U.S. at 70. If events subsequent to the filing of the case resolve the parties' dispute, the case must be dismissed. Pitts, 653 F.3d at 1087.

When a non-judicial foreclosure sale is rescinded, "any claims premised on the non-judicial foreclosure are rendered moot." Vettrus v. Bank of America, NA, No. 6:12-cv-074-AA, 2012 WL 5462914 at *4 (D. Or. November 6, 2012)(quoting Thomas v. OneWest Bank, FSB, No. 10-cv-6234-AA, 2012 WL 2049462 (D. Or.

4 - ORDER

June 4, 2012). There is no cause of action under Oregon law for the tort of wrongful *attempted* foreclosure. Hartley v. Fed. Nat'l Mortg. Ass'n, No. 6:11-cv-6374-TC, 2012 WL 775679 at *3 (D. Or. Mar. 5, 2012).

The remedies of judicial and non-judicial foreclosure are mutually exclusive. Vettrus, 2012 WL 5462914 at *4. A defendant's representation to the court that it intends to pursue a judicial foreclosure could bar the resurrection of a previously rescinded non-judicial foreclosure by judicial estoppel. See Durham v. Bank of New York Mellon, No. 1:12-cv-00273-PA, 2012 WL 2529188 at *2 (D. Or. June 28, 2012).

In this case, Defendants have rescinded their non-judicial foreclosure and Defendants' counsel have certified to the Court that they intend to pursue a judicial foreclosure in state court. Following the established practice of courts in this District, I conclude that this claim is now moot.

Plaintiff argues that it is legal error to dismiss a claim for declaratory relief for failure to state a claim under the Oregon adoption of the Uniform Declaratory Judgment Act, ORS 28.010 *et seq.* Plaintiff's argument is not well taken, however. Oregon's declaratory judgment statute does not confer jurisdiction for this Court to issue advisory opinions on moot issues. See Durham, 2012 WL 2529188 at *3.

Additionally, it is well settled that a plaintiff lacks standing to enforce the terms of a PSA where she is neither a party to, nor a third party beneficiary of, that agreement. Oliver v. Delta Financial Liquidating Trust, No. 6:12-cv-00869-AA, 2012 WL 3704954 at *4 (D. Or. Aug. 27, 2012); Graham v.

5 - ORDER

ReconTrust Co., NA, No. 3:11-cv-11339-BR, 2012 WL 1035712 at *4 (D. Or. Mar. 27, 2012); Branson v. ReconTrust Co., NA, No. 3:11-cv-1526, 2012 WL 1473395 at *3 (D. Or. April 26, 2012). Accordingly, to the extent that this claim is premised upon Defendants' alleged failure to comply with the terms of the PSA, Plaintiff also lacks standing.

Plaintiff's first claim for declaratory judgment is DISMISSED.

### B. Plaintiff's Second Claim

Plaintiff's second claim is for fraud. This claim alleges thirteen separate counts of fraud, although two of the counts are labeled as "Count 12."

In order to state a claim for fraud under Oregon law, a plaintiff must plead the following elements: 1) a representation; 2) its falsity; 3) its materiality; 4) the speakers knowledge of its falsity or ignorance of its truth; 5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) her reliance on its truth; 8) her right to rely thereon; and 9) her consequent and proximate injury. Webb v. Clark, 274 Or. 387, 391 (1976).

Under Fed. R. Civ. P. 9(b), fraud is subject to heightened pleading standards. WPP Luxembourg Gamma Three Sarl v. Spot Runner Inc., 655 F.3d 1039, 1047 (9th Cir. 2011). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

6 - ORDER

### 1. Count One

Plaintiff's first count appears to allege that Defendants securitized the loan and lack the power to foreclose. Plaintiff debatably alleges a representation in the form of the NODES, but fails to allege any of the other elements of a fraud claim.

### 2. Count Two

Plaintiff's second count does not allege any elements of a fraud claim, but merely incorporates the preceding paragraphs and adds "Plaintiff's claims are premised in part on defendant's wrongful and deceitful acts described above."

### 3. Count Three

Plaintiff's third count alleges that a representative of BAC sent Plaintiff a letter indicating that she was eligible for a loan modification. Plaintiff was apparently not eligible and many of the phone numbers she was provided led to automated phone services. This count lacks any allegations of materiality or the representative's intent that Plaintiff rely on the letter. Plaintiff alleges that the representative knew the letter to be false and that the letter "caused plaintiff damage," without any of the particularity required under Rule 9.

### 4. Count Four

Plaintiff's fourth count alleges that representatives of Defendants attempted to deceive Plaintiff's realtor into allowing them access to the house in order to shut off the utilities. Plaintiff's realtor apparently did not allow the representatives into the property and contacted Plaintiff about the attempt. Plaintiff alleges that this caused her emotional damages in the amount of $5,000. Critically, there is no allegation that either

7  - ORDER

Plaintiff or the realtor believed the representatives or relied upon their statements. Rather, Plaintiff alleges that they denied the representatives entry into the property.

### 5. Count Five

This count appears to allege that Defendants told Plaintiff that federal funds were not available to refinance her loan when, in fact, such funds were available. This claim does not allege the representation with sufficient particularity, nor does it allege that the Plaintiff was ignorant of the representation's falsity, or that she relied upon it. There is no allegation of causation or damages.

### 6. Count Six

This count alleges that Plaintiff was told that if she sent in one month's payment, she would be removed from the "default group." Plaintiff alleges that she did so. As Plaintiff was apparently already three months behind on her payments, it is not clear how Plaintiff was damaged by making a payment of money already owing. Furthermore, subsequent counts indicate that the check was actually returned to Plaintiff.

### 7. Count Seven

This count alleges that the bank returned Plaintiff's check with a letter indicating that the payment was rejected as insufficient to bring the loan current. Plaintiff contends that this action forced her into default. This allegation is not consistent with the earlier allegations, however, as Plaintiff was apparently already several months behind when she sent in the single month's payment. Plaintiff could not, therefore, have been forced into default solely by the banks refusal to accept an

8 - ORDER

insufficient amount.

### 8. Count Eight

This count alleges that Defendants filed documents containing false information when initiating the non-judicial foreclosure of Plaintiff's property. There is no allegation of Plaintiff's ignorance of the representations' falsity or her reliance on them. Nor is there any allegation that Defendants intended Plaintiff to act based on those representations.

### 9. Counts Nine, Ten, and Eleven

These counts continue Plaintiff's attack on the non-judicial foreclosure process and Defendants' refusal to provide Plaintiff with a loan modification. They do not allege any of the elements of a fraud claim.

### 10. First Count Twelve

This count alleges that Plaintiff had a potential buyer for the property, but that the deal fell through because of Defendants' allegedly fraudulent foreclosure filings. Even assuming that the foreclosure filings constituted a false representation, there is no indication that Plaintiff was ignorant of their falsity or that she relied upon them. To the extent that Plaintiff asserts that her potential buyers were deceived, she lacks standing to assert a claim on their behalf.

### 11. Second Count Twelve

This count appears to allege that a representative of Defendants made a false affidavit initiating the non-judicial foreclosure. Once again, there is no allegation that Plaintiff was ignorant of the falsity of the allegations or that she relied upon them. Rather, it appears that Plaintiff alleges that she

9 - ORDER

was aware they were false.

None of Plaintiff's thirteen counts allege all of elements of fraud. When elements do appear within the counts, they are often conclusory and lack the particularity required under Rule 9. Nor do the counts allege a single coherent claim for fraud when considered collectively. Accordingly, this claim is DISMISSED.

### C. Plaintiff's Third Claim

The third claim is for negligent misrepresentation. There are fourteen counts, covering the allegations made in support of Plaintiff's claims for fraud and declaratory relief, as well as new allegations that Defendants' misrepresentations interfered with Plaintiff's ability to conclude a short sale of the property.

Under Oregon law, a negligent misrepresentation claim for economic losses "must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm." Onita Pacific Corp. v. Trustees of Bronson, 315 Or. 149, 159 (1992). A party may be held to such a heightened duty if there is a "special relationship" in which "the party sought to be held liable had some obligation to pursue the interests of the other party." Conway v. Pacific Univ., 324 Or. 231, 237 (1996).

In this case, Plaintiff alleges that the bank owed her a fiduciary duty. The allegations within the TAC, however, only support the existence of an ordinary creditor-debtor relationship. The Oregon Supreme Court has declined to find a heightened duty under such circumstances, instead describing the

10 - ORDER

creditor-debtor relationship as "arm's-length" and "commercial." Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp., 320 Or. 638, 650 (1995).

I cannot, therefore, conclude that any special relationship existed between the parties that would support the heightened duty needed to sustain a negligent misrepresentation claim. Accordingly, this claim is DISMISSED.

### D. Plaintiff's Fourth Claim

Plaintiff's fourth claim is for breach of contract. Plaintiff alleges that Defendants breached a contract by declining to accept Plaintiff's single month's payment and instead pursued non-judicial foreclosure.

To state a claim for breach of contract, a plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach, and defendant's breach resulting in damage to the plaintiff. Slover v. Oregon State. Bd. of Clinical Soc. Workers, 144 Or. App. 565, 570 (1996).

It does not appear that Plaintiff bases this claim on the original Deed of Trust. Nor could she, as her Complaint alleges that she was behind on her payments and therefore in breach. Rather, Plaintiff seems to allege the existence of a secondary agreement, probably the one referenced in counts 6 and 7 of Plaintiff's fraud claim. Plaintiff does not, however, fully allege the terms of this contract or state what consideration was offered, other than the conclusory allegation that there was "adequate consideration."

In any event, contracts concerning interests in real

11 - ORDER

property must be in writing under the statute of frauds. ORS 41.580(1)(e). If a written contract is required by the statute of frauds, a modification to that contract must similarly be memorialized in writing. See <u>Washington Square, Inc. v. First Lady Beauty Salons, Inc.</u>, 290 Or. 753, 761 (1981). These requirements fully apply to Deeds of Trust. <u>Nelson v. Am. Home Mortg. Servicing, Inc.</u>, 3:13-cv-306-BR, 2013 WL 3834656 at *5 (D. Or. July 24, 2013).

In this case, Plaintiff has alleged only that an oral agreement existed. As oral contracts cannot modify a Deed of Trust under Oregon law, I conclude that Plaintiff has not stated a claim for breach of contract. This claim is DISMISSED.

### E. Plaintiff's Fifth Claim

Plaintiff's fifth claim is for trespass. Plaintiff alleges that a representative of the trustee was walking around the property taking pictures, apparently in preparation for the foreclosure.

To state a claim for trespass, a plaintiff must show an intentional, physical intrusion by the defendant on to the plaintiff's property which causes damage to the plaintiff and which has not been authorized or consented to by the plaintiff. <u>Verizon Nw., Inc. v. Mainstreet Dev., Inc.</u>, 693 F. Supp. 2d 1265, 1278 (D. Or. 2010). "If a trespasser has the landowner's consent to enter upon the land for a particular purpose, the landowner cannot maintain an action for trespass." <u>Id.</u>

In this case, section 7 of the Deed of Trust provides that "Lender or its agent may make reasonable entries upon and inspections of the Property." Plaintiff contends that the Deed

12 - ORDER

of Trust is a nullity. Plaintiff further disputes the reasonableness of Defendants' alleged entry on the property. Defendants contend that this provision constitutes consent for the alleged trespass and that taking pictures of the exterior of the property is a manifestly reasonable entry.

In light of the express terms of the Deed of Trust, I cannot conclude that Plaintiff has plausibly asserted a claim for trespass. This claim is DISMISSED.

### F. Plaintiff's Sixth Claim

Plaintiff's sixth claim is for violations of the Fair Debt Collection Practices Act (FDCPA). Courts in this District have held that actions taken to foreclose on a property pursuant to a Deed of Trust are not a debt collection within the meaning of the FDCPA. Hulse v. Ocwen, 195 F. Supp.2d 1188, 1204 (D. Or. 2002); Lampshire v. Bank of America, No. 6:12-cv-1574-AA, 2013 WL 1750479 at *3 (D. Or. April 20, 2013).

As this claim relates entirely to Defendants' attempt to foreclose the property, I conclude that it cannot state a claim for violation of the FDCPA. Accordingly, this claim is DISMISSED.

### G. Plaintiff's Seventh Claim

This claim alleges violations of the Oregon Trust Deed Act (OTDA). Plaintiff claims that Defendants filed false documents in support of a non-judicial foreclosure. As the non-judicial foreclosure has now been cancelled, I find this claim to be moot for the reasons set forth in Section A, *supra*.

### H. Plaintiff's Eighth Claim

Plaintiff's eighth claim alleges intentional interference

13 - ORDER

with contractual relations. Plaintiff claims that Defendants prepaid her homeowners insurance, causing her insurance carrier to reduce her coverage. Plaintiff alleges that, as a consequence of this interference, she was denied coverage for subsequent damage to her home.

To state a claim for intentional interference with economic relations, a plaintiff must show: 1) the existence of a professional or business relationship; 2) intentional interference with that relationship; 3) by a third party; 4) accomplished through improper means or for an improper purpose; 5) a causal effect between the interference and damage to the economic relationship; and 6) damages. McGanty v. Staudenraus, 321 Or. 532, 535 (1995). In order to show improper purpose, the defendant's purpose must be to cause the plaintiff injury "as such." Nw. Natural Gas Co. v. Chase Gardens, Inc., 328 Or. 487, 498 (1999).

In this case, Plaintiff alleges that Defendants prepaid her insurance "for the purpose of causing plaintiff to incur substantial additional fees," and also "for the purpose and with the intent to interfere with plaintiff's quiet use and possession of her home and its contents."

It appears, however, that Defendants were simply pursuing a foreclosure based on Plaintiff's default. I cannot conclude, based on the allegations in the TAC, that Defendants prepaid Plaintiff's insurance in order to cause Plaintiff injury "as such." Furthermore, Plaintiff has not plausibly alleged the causal connection between Defendants' prepayment of the homeowners insurance and the insurance company's decision to

14 - ORDER

reject Plaintiff's subsequent attempt to pay her homeowners insurance. This claim is DISMISSED.

### I. Plaintiff's Ninth Claim

Plaintiff's ninth claim is for declaratory relief. Plaintiff re-asserts her claims that the loan was improperly securitized, that Defendants have not complied with the terms of the PSA, and that the involvement of MERS is improper. Plaintiff seeks to have the rights of the parties declared and requests that the Court enjoin any foreclosure attempt.

The non-judicial foreclosure has been cancelled and, as yet, there does not appear to be any pending judicial foreclosure. As in Section A, *supra*, I DISMISS this claim as moot.

### J. Plaintiff's Tenth Claim

This claim is for quiet title. Plaintiff seeks a declaration that she holds superior title to the property.

Oregon is a "lien theory" state, "meaning that a mortgage on real estate does not convey legal or equitable title or interest to the holder of mortgage." Kerr v. Miller, 159 Or. App. 613, 621 (1999). Rather, the holder of the mortgage has only a lien on the property. Id. In Tabb v. One West Bank, the court dismissed a quiet title claim for an incomplete foreclosure, holding that the dispute was "not over title, but whether the Deed of Trust is a lien that can be foreclosed against plaintiffs' property." Tabb v. One West Bank, FSB, No. 3:10-cv-855-ST, 2011 WL 4448752 at *9 (D. Or. Aug. 26, 2011).

The facts in this case are similar to those in Tabb. Defendants have not asserted a superior title to the property, but instead have attempted to foreclose a lien on the property.

15 - ORDER

Accordingly, I conclude that Plaintiff cannot state a claim for quiet title. This claim is DISMISSED.

### K. Plaintiff's Eleventh Claim

Plaintiff's final claim is to remove cloud on title. To state a claim to remove a cloud on title, a plaintiff must allege that a seemingly valid claim or encumbrance is, in fact, invalid. Moores v. Clackamas Cnty., 40 Or. 536, 539 (1902).

In this case, Plaintiff alleges that the securitization of her loan and the involvement of MERS invalidate Defendants' lien. Judge Aiken previously declined to rule on the MERS issue pending the Oregon Supreme Court's decision in Brandrup. While Brandrup did hold that MERS could not satisfy the statutory definition of a beneficiary, there is nothing in that decision to support the contention that the mere involvement of MERS in the loan will render the lien invalid. See generally, Brandrup v. ReconTrust Co., 353 Or. 668 (2013).

Nor is there any support in Brandrup for the contention that securitization of the loan will render the lien invalid. Indeed, Judge Aiken previously rejected this argument, noting that the Deed of Trust expressly permits "The Note, or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." Accordingly, this claim is DISMISSED.

### L. Dismissal with Prejudice

Trial courts are vested with the discretion to dismiss an action "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); see also Diamond State Ins. Co. v. Genesis Ins. Co., 379 Fed. App'x. 671, 672-3 (9th Cir. 2010).

16 - ORDER

This case has been ongoing for four years. This is Plaintiff's third attempt to amend the complaint. As set forth above, Plaintiff's claims are either moot or defective. Despite repeated attempts and the guidance offered by Judge Aiken in her previous Orders, Plaintiff has been unable to plead sufficient facts to support her claims. Nor does it seem that she would be able to do so if given yet another opportunity to amend the complaint. Accordingly, I exercise my discretion to dismiss with prejudice.

## Conclusion

Defendants' Motion Renewed Motion to Dismiss Third Amended Complaint (#107) is GRANTED. All other pending motions in this case are DENIED as moot. This case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this ___6___ day of May, 2014.

                                      OWEN M. PANNER
                                      U.S. DISTRICT JUDGE

17 - ORDER